### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SARAH MOLINA, CHRISTINA VOGEL, and PETER GROCE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 17–CV–2498–AGF |
| CITY OF ST. LOUIS, MISSOURI, COUNTY OF ST. CLAIR, ILLINOIS, And, OFFICERS JOHN DOES I–VI, | ) ) ) ) ) | |
| Defendants. | ) | |

### ST. CLAIR COUNTY, ILLINOIS' MEMORANDUM
### IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW, St. Clair County, Illinois, by and through its counsel of Becker, Hoerner, Thompson & Ysursa, P.C., and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to dismiss the Plaintiff's Complaint, and in support thereof, states as follows:

**Introduction**

Plaintiffs allege that, on or about August 19, 2015, the municipality of St. Clair County, Illinois – by an unknown number of unnamed officers of its Sheriff's Department – denied the Plaintiffs certain civil rights secured by 42 U.S.C. §1983. In a conclusory fashion, Plaintiffs claim, in Count I, that they were subjected to retaliation in violation of the First Amendment, and in Count II, that they were subjected to excessive force in violation of the Fourth Amendment. Plaintiffs fail to attribute any specific actions to any individual St. Clair County Sheriff deputies and further neglect to plead plausible facts to underlie the elements of their putative *Monell* claims; therefore, Plaintiffs do not state claims of municipal liability against St. Clair County, Illinois. For this

1

reason, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## Standard – 12(b)(6) Motions to Dismiss

A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief … and a demand for the relief sought", and courts must accept as true all those well-pleaded facts in a complaint. Fed. R. Civ. P. 8(a)(2),(3); *Papasan v. Allain*, 478 U.S. 265 at 283 (1986). However, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 555 (2007) quoting *Papasan v. Allain*, 478 U.S. 265 at 286 (1986). A plaintiff must plead plausible facts to allow a court to draw a reasonable inference that the defendant may be liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Kelly v. City of Omaha, Nebraska*, *et al.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

## Standard – Municipal Liability under 42 U.S.C. §1983

The Eighth Circuit Appellate Courts have "consistently recognized a general rule that, in order for municipal liability to attach, individual liability must first lie in an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). The *McCoy* court rallied six additional Eighth Circuit opinions finding an employee's individual liability must exist prior to the finding of liability in a municipality.[1] An abrogation in this principle was recognized in *Kuha v. City of Minnetonka*; however, *Kuha*'s finding relied on a previous decision, *Tilson v.*

---

[1] *McVay v. Sisters of Mercy Health Sys.,* 399 F.3d 904 (8th Cir. 2005); *Turpin v. County of Rock,* 262 F.3d 779 (8th Cir. 2001); *Veneklase v. City of Fargo,* 248 F.3d 738 (8th Cir. 2001); *Thomas v. Dickel,* 213 F.3d 1023 (8th Cir. 2000); *Eagle v. Morgan,* 88 F.3d 620 (8th Cir. 1996); *Abbott v. City of Crocker,* 30 F.3d 994 (8th Cir.1994).

*Forrest City. Kuha v. City of Minnetonka*, 365 F.3d 590 (8th Cir. 2003), citing *Tilson v. Forrest City Police Department*, 28 F.3d 802 (1994). Although *Tilson* held, "A municipality that operates under a policy or custom that unconstitutionally deprives a citizen of his or her rights may be liable under §1983 … even if the arresting officers are not held responsible", the court conceded in a footnote, "if a jury found that petitioner had *not* been caused any constitutional injury by the individual officers, then the City could *not* be liable for any injury notwithstanding a policy that might in itself be illegal." *Tilson, supra* at 813, n.9, citing *Los Angeles v. Heller,* 475 U.S. 796, 799 (1986), internal citations removed, emphasis added.

The necessity for individual liability to precede municipal liability derives logical support from the United States Supreme Court's seminal *Monell* decision. Concerning municipal liability, the *Monell* Court ruled "[i]n particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978), emphasis in original.  Rather, the Supreme Court held that a municipal entity may be found liable in "execution of a government's policy or custom". *Id.* at 694. This holding enunciates the concept that individual liability must pre-exist municipal liability. It is not enough that a municipality merely employ a "bad actor"; one "bad actor" does not make a municipality liable. However, if a bad actor acts, and it can be shown those acts were made in the execution of a governmental policy or custom, only therein might lie municipal liability.

Regarding governmental policy, the Supreme Court held, "municipal liability under §1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final

3

policy". *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 at 823 (1985) ("policy' generally implies a course of action consciously chosen from among various alternatives"). Regarding governmental custom, the Supreme Court clarified, "an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-404 (1997).

Alternatively, a plaintiff pleading failure to train or supervise must submit facts to support "the city's hiring and training practices are inadequate; … the city was deliberately indifferent to the rights of others in adopting them [and] … an alleged deficiency in the city's hiring or training procedures actually caused the plaintiff's injury." *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378 at 389 (1989). The Supreme Court clarified "the inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio, supra* at 388. The Supreme Court defined deliberate indifference as "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410. As to supervising law enforcement officers, a plaintiff must show the supervisor, "[r]eceived notice of a pattern of unconstitutional acts committed by subordinates; [d]emonstrated deliberate indifference to or tacit authorization of the offensive acts; [f]ailed to take sufficient remedial action; and [t]hat such failure proximately caused injury". *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010), addressing the allegation of failure to supervise against Sheriff Ron Ball.

To summarize, liability under §1983 attaches to a municipality in the wake of identifiable, individual actions, but never under the theory of *respondeat superior*. A municipality may only be subject to liability when a plaintiff demonstrates: (1) a constitutional injury from the execution of an official government policy or a deliberate choice by a specific official to adopt a particular course of action, or (2) a constitutional injury from the discharge of a governmental custom otherwise characterized as an unofficial course of action so widespread as to have the force of law, or (3) a constitutional injury through failing to train or supervise employees, where these failures amount to deliberate indifference, or proof the municipal actor knew but disregarded the obvious consequence of his failure to train or supervise.

**Argument**

Plaintiffs' allegations against St. Clair County, Illinois are woefully inadequate to establish municipal liability as to St. Clair County, Illinois; therefore, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### I. Plaintiffs Do Not Identify Individual Officers.

Foremost, Plaintiffs cannot name an individual St. Clair County deputy alleged to have committed their constitutional injuries.

Plaintiffs try to avoid this by use of the "John Doe" designation, naming six "John Doe" officers in their Complaint. However, Plaintiffs cannot even state to which municipal department these six John Doe officers belong. Two to the City of St. Louis and four to St. Clair County, Illinois? Three to the City of St. Louis, and three to St. Clair County, Illinois? Six to the City of St. Louis and zero to St. Clair County, Illinois? Plaintiffs have sued two municipalities which administer large law enforcement entities, yet Plaintiffs do not attempt to designate which John Doe officers belong to which municipality.  How does this put St. Clair County on notice of some

5

supposed wrongs committed by their officers? Plaintiffs do not and cannot attribute an individual

action to an individual officer. How do the Plaintiffs know St. Clair County, Illinois had deputies

present at this August 19, 2015 protest? Those deputies would have been miles from the boundaries

of St. Clair County's municipal jurisdiction. Plaintiffs do not know. Plaintiffs' allegations are so

insubstantial, they do not allow this court to draw a reasonable inference that St. Clair County,

Illinois may be liable for the alleged misconduct.

Because Plaintiffs cannot identify an individual officer of St. Clair County, Illinois who

committed an act against Plaintiffs, Plaintiffs cannot maintain a claim of liability against St. Clair

County, Illinois.

### II. Plaintiffs' Count I Pleads Impermissible *Respondeat Superior* Liability.

Second, Plaintiffs attempt a facially-impermissible *respondeat superior* claim in their

Count I.

In their Paragraph 84, Plaintiffs state, "… St. Clair County, Illinois, which employed the

officers who gassed [Plaintiffs] and/or were directing the actions of the police forces engaged in

gassing… were retaliating against them for engaging in constitutionally protected expressive

activity". Doc.1, ¶84. On its face, this is a *respondeat superior* claim; wholly impermissible

grounds on which to base municipal liability. Plaintiffs claim that by merely employing some of

the officers supposedly present at the August 19, 2015 protest, St. Clair County, Illinois, as a

municipality, is liable for those officers' actions. This allegation runs afoul of the Supreme Court's

holding in *Monell*. Plaintiffs attempt to soften their obvious *respondeat superior* intent by adding

the nebulous "and/or were directing the actions", but this does not mitigate the plain attempt at a

*respondeat superior* claim. As more fully addressed in argument below, Plaintiffs do not and

cannot name a municipal policymaker or official supposedly directing the actions of the unknown, unnamed officers.

Plaintiffs are trying to do exactly what the Supreme Court said they cannot do – hold a municipality liable for actions of its employee solely because the municipality employs the person – so Plaintiffs' Count I should be dismissed.

### III. Plaintiffs' Count I is Insufficient under Further *Monell* Standards.

Plaintiffs' Count I further fails because it is severely deficient under the *Monell* pleading standards.

In Paragraph 92 of their Complaint, Plaintiffs pivot their *respondeat superior* language to claim, "… the County of St. Clair failed to supervise the individual defendant officers, failed to train the officers on the lawful use of chemicals, and executed a custom or policy that resulted in [Plaintiff's constitutional injuries]". Doc. 1, ¶92. Plaintiffs' allegations here are formulaic recitation of *Monell* and other case law, presented in a conclusory fashion and unsupported by plausible facts. Regarding the failure to train or supervise, Plaintiffs make no claim of any act of deliberate indifference. Plaintiffs summarily state the officers were not trained. This threadbare conclusion falls far short of a plausible fact that a municipal official of St. Clair County, Illinois, while disregarding the known or obvious consequence of some unknown officer's actions, trained or supervised some unknown officer in the commission of a constitutional injury.

In the same breath, Plaintiffs claim the officers executed a custom or policy resulting in Plaintiffs' alleged injuries. Plaintiffs overlook that a policy and a custom are two wholly separate concepts. However, the amalgamation amounts to a distinction without a difference, because Plaintiffs have no facts to support that St. Clair County, Illinois promulgated a policy or permitted the wide-spread practice of a custom. Plaintiffs plead no policies, written or oral, which constitute

a deliberate choice to follow a course of action, chosen from various alternatives, by a St. Clair County official responsible for decision-making. Further, Plaintiffs plead no custom, no widespread practice by St. Clair County, Illinois to engage in those behaviors described in their Complaint. Plaintiffs' Complaint cites to this single August 19, 2015 incident, and within this single incident, cannot name one officer who might be laboring under the idea that the August 19, 2015 response was the *de facto*, widespread practice of St. Clair County, Illinois.

Because of the total lack of foundation supporting Plaintiffs' allegations, Plaintiffs' Count I fails to state a claim for municipal liability against St. Clair County, Illinois and should be dismissed.

**IV. Plaintiffs' Count II is Insufficient to Establish Municipal Failure to Supervise Liability.**

Plaintiffs' Count II echoes the deficiencies of Count I, and for those same reasons, should be dismissed.

In Paragraph 104, Plaintiffs state, "… the County of St. Clair failed to supervise the actions of the individual defendant officers for using excessive force..." Doc. 1, ¶ 104. As with the failure to supervise or train claim in Count I, Plaintiffs' Count II makes no effort to plead plausible facts to allow this Court to draw a reasonable inference that any particular St. Clair County deputy was liable for the alleged misconduct sufficient to inure liability to St. Clair County, Illinois. Plaintiffs offer no facts that St. Clair County used inadequate supervision practices amounting to deliberate indifference to Plaintiffs' rights, and how this alleged deliberately-indifferent deficiency in supervision actually injured Plaintiffs. Plaintiffs do not allege how a supervising official of St. Clair County, Illinois had notice of a pattern of unconstitutional acts, demonstrated deliberate indifference to those acts, failed to take remedial action, or how that failure injured Plaintiffs.

Plaintiffs prefer labels and conclusions to state their failure to supervise claim, but even a formulaic

recitation of the failure to supervise elements is insufficient to maintain a claim against St. Clair

County, Illinois, without supporting facts.

Because Plaintiffs fail to plead even the basic elements of their failure to supervise claim,

Plaintiffs' Count II should be dismissed as to St. Clair County, Illinois.

**Conclusion**

WHEREFORE, Defendant, St. Clair County, Illinois, respectfully requests this Honorable

Court find in favor of St. Clair County, Illinois, dismiss the Plaintiff's Complaint, and grant St.

Clair County, Illinois any and all other relief as this Court deems just and proper.

Respectfully submitted,

s/ Thomas R. Ysursa
Thomas R. Ysursa, #51894 – MO
***Attorney for St. Clair County, Illinois***
Becker, Hoerner, Thompson &Ysursa, P.C.
5111 West Main Street
Belleville, Illinois 62226
Tel: (618) 235-0020
Fax: (618) 235-8558
try@bhtylaw.com

9

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on **November 1, 2017**, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anthony E. Rothert
Jessie M. Seffan
Gillian R. Wilcox
America Civil Liberties Union of Missouri Foundation
906 Olive St., Suite 1130
St. Louis, MO 63101-1448
314-669-3420
314-652-3112 (fax)
trothert@aclu-mo.org


Andrew David Wheaton
St. Louis City Counselor's Office
1200 Market Street, Room 314
St. Louis, MO 63103
314-622-4594
314-622-4956 (fax)
wheatona@stlouis-mo.gov



s/Tonya Loehring