UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH MOLINA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-02498 AGF |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| COUNTY OF ST. CLAIR, ILLINOIS, and ) | |
| OFFICERS JOHN DOES I-VI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter, brought under 42 U.SC. § 1983, is before the Court on the separate motions of Defendants City of St. Louis, Missouri, and St. Clair County, Illinois, to dismiss Plaintiffs Sarah Molina, Christina Vogel, and Peter Groce's amended complaint for failure to state a claim upon which relief may be granted.  For the reasons set forth below, the motions will be granted.

**BACKGROUND**

This case arises out of a street protest in the City of St. Louis on August 19, 2015, protesting the shooting death of a citizen by the police.  Plaintiffs Vogel and Molina allege that they participated in the protest and left the scene after officers directed the crowd to disperse.  Vogel and Molina allege that they walked to Molina's neighborhood, about three blocks away.  Approximately one half hour later, they saw a SWAT vehicle, "under the joint direction of the St. Louis Metropolitan Police Department and St. Clair

County Sheriff's Department," on Molina's street. ECF No. 1 ¶ 51. They further allege that Defendant Officers John Does I-IV were on the SWAT vehicle and shot tear gas canisters and/or smoke grenades directly at Vogel, Molina, and Molina's neighbor and friends, who were all standing and talking on the sidewalk.

Groce alleges that he also participated in the protest and left the scene after officers directed the crowd to disperse. As he was walking home through a park, he encountered the same SWAT vehicle that shot tear gas at Molina and Vogel. Groce alleges that when he told the officers to get out of the park, the officers shot a tear gas canister and pepper spray directly at him.

Plaintiffs claim that the Doe Defendants retaliated against them for engaging in First Amendment activity (Count I) and used excessive force against them by deploying tear gas and pepper spray (Count II). Plaintiffs name as Defendants the City of St. Louis and St. Clair County, both of which allegedly employed and supervised the officers involved in the challenged conduct; and Officers John Doe I–VI, in their individual capacity.

Each count asserts that the City of St. Louis and St. Clair County are liable as municipalities under 42 U.S.C. § 1983 because the constitutional violations were a result of the City and County's failure to supervise the individual officers, failure to train the officers on lawful use of chemicals, and having "a custom or policy that resulted in the unconstitutional, retaliatory use of chemicals against [Plaintiffs]." ECF No. 1 ¶ 92. All Plaintiffs assert physical and emotional damages, as well as the chilling of their desire to engage in activity protected by the First Amendment. In each count, Plaintiffs seek

injunctive relief, nominal damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## ARGUMENTS OF THE PARTIES

The City of St. Louis first argues that the complaint should be dismissed as to it because Plaintiffs have failed to plead any facts to support the claims of (1) failure to train and supervise the individual officers, (2) an unconstitutional policy or custom that resulted in the use of chemicals against Plaintiffs, or (3) a pattern of similar unconstitutional acts committed by City of St. Louis officers, or that the City had notice of such a pattern. In its separate motion to dismiss, St. Clair County first argues that Plaintiffs cannot maintain a claim against St. Clair County because Plaintiffs cannot identify any individual St. Clair County officer that committed any act against Plaintiffs. Next, St. Clair County contends that Plaintiffs assert an impermissible respondeat superior claim in Count I. Further, St. Clair County argues that Plaintiffs' allegations in Count I are insufficient under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Lastly, St. Clair County asserts that Plaintiffs' pleaded facts in Count II are insufficient to establish municipal failure-to-supervise liability.

In response to St. Clair County, Plaintiff argues that *Monell* does not require that individual defendants be sued, and further, Plaintiffs did sue individual County Defendants by naming John Does I-VI. Otherwise, Plaintiffs raise essentially the same arguments in response to both Movants. Plaintiffs acknowledge that a municipality may be held liable under § 1983 only for its own illegal acts and may not be held vicariously liable for the acts of its agents. However, Plaintiffs contend that a municipality can be

3

held liable under § 1983 without proof of a "pre-existing" pattern of violations, where the single act is so egregious. Plaintiffs argue that, based upon the factual allegations and the reasonable inferences drawn therefrom, Plaintiffs have sufficiently alleged that the Movants failed to train and supervise the officers in the SWAT vehicle, and this failure to train and supervise was the moving force behind the deprivation of Plaintiffs' constitutional rights. Plaintiffs request leave to amend the complaint if the Court finds it insufficient to defeat Movants' motions to dismiss.

In reply, the City of St. Louis reiterates its argument that Plaintiffs have failed to adequately support the allegations that the City of St. Louis officers engaged in a pattern of unconstitutional acts, or that the City had notice of such a pattern.

## DISCUSSION

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

To state a claim for municipal liability under § 1983, a Plaintiff must allege that the alleged deprivation of constitutional rights resulted from "(1) an official municipal

4

policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).

**Failure to Train and Supervise**

The "inadequacy of police training may serve as the basis of § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In the context of claims for failure to train and supervise, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence" of the action. *Board of Cty. Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997). When policymakers "are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the governmental entity may be deemed deliberately indifferent if the policymakers choose to retain that program." *White v. Jackson*, No. 4:14CV1490HEA, 2015 WL 1189963, at *4 (E.D. Mo. March 16, 2015) (citing *Brown*, 520 U.S. at 407). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

The Court concludes that Plaintiffs do not allege facts sufficient to state a claim for failure to train and supervise against Movants. Here, Plaintiffs allege two incidents of constitutional violations, committed close in time and by the same individuals. This does not state a claim for failure to train or supervise. *See Pluma v. City of New York*, No. 13

5

Civ.2017(LAP), 2015 WL 1623828 at *12 (S.D.N.Y. Mar. 31, 2015) (granting motion to dismiss where plaintiff alleged only a "handful of instances" of inappropriate pepper spray use, which occurred over the course of more than a decade); *cf. White*, 2015 WL 1189963 at *3, 4 (denying municipal defendants' motions to dismiss where plaintiffs alleged a "pervasive pattern of civil rights violations"–including deployment of mace, physical assault, and shooting with rubber bullets–which were committed by numerous officers over the course of three days).

**Unconstitutional Policy or Custom**

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. "Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating [municipal] liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

Liability may also be established "through proof that the alleged misconduct was so pervasive among the non-policy making employees of the municipality as to constitute a custom or usage with the force of law." *McGautha v. Jackson Cty., Mo. Collections Dep't*, 36 F.3d 53, 56 (8th Cir. 1994).

> [A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that

6

the custom was a moving force behind the constitutional violation. *Mick v. Raines*, 883 F.3d 1075, 1079-80 (8th Cir. 2018) (quoting *Corwin*, 829 F.3d at 700).

Here, the Court concludes that Plaintiffs have not alleged facts sufficient to state a claim of unconstitutional policy or custom against Movants.  Plaintiffs fail to allege any official policy or practice so persistent as to have the force of law.  While the policy need not exist in writing, Plaintiffs have not pointed to some choice made by municipal officials to establish the existence of a policy.  *Cf. Rauen v. City of Miami*, No. 06-21182-CIV, 2007 WL 686609, at *10 (S.D. Fla. March 2, 2007) (denying municipal defendants' motions to dismiss where plaintiffs alleged that defendants developed and implemented unwritten agreements to stifle protest).  Additionally, as noted above, only two incidents are alleged, which are insufficient to show that the actions taken against Plaintiffs were customs or usages with the force of law.  *See Crump v. Boester*, No.4:14 CV 1975 RWS, 2016 WL 1624017 at *3 (E.D. Mo. Apr. 25, 2016) (granting municipal defendants' motions to dismiss where the plaintiff failed to allege "facts to suggest that [plaintiff had] a reasonable basis to believe that what happened to [plaintiff] was more than an isolated incident").

With respect to Plaintiffs' request for leave to amend their complaint, Plaintiffs are free to seek leave to amend before the deadline for doing so set forth in the Case Management Order.  Any such motion must be accompanied by the proposed amended complaint.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Defendants City of St. Louis, Missouri, and St. Clair County, Illinois to dismiss Plaintiff's amended complaint as to them are **GRANTED**.  (ECF Nos. 11 and 17.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2018.