**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH MOLINA**, *et al*. | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 4:17-cv-2498-AGF** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CITY OF ST. LOUIS** *et al*., | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MARK SEPER'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant Mark Seper ("Seper"), by and through his attorney Julian Bush, City Counselor for the City of St. Louis, and for Seper's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Plaintiffs' Complaint") states as follows:

1.      Paragraph 1 of Plaintiffs' Complaint is a legal conclusion devoid of any factual allegation. Therefore, no answer is required. To the extent an answer is required, Seper denies the allegations in paragraph 1 of Plaintiffs' Complaint.

2.      Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiffs' Complaint.

3.      Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' Complaint.

4.      Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Complaint.

5.      Seper admits the City of St. Louis is a constitutional charter city organized pursuant to the Missouri Constitution and laws of the State of Missouri. Seper denies any remaining allegations in paragraph 5 of Plaintiffs' Complaint.

6.      Seper admits the allegations in paragraph 6 of Plaintiffs' Complaint.

7.      Seper admits the allegations in paragraph 7 of Plaintiffs' Complaint.

8.      Seper admits that, on August 19, 2015, Jason Chambers was a police officer employed with the St. Louis Metropolitan Police Department acting under color of law. Seper admits Jason Chambers is sued in his individual capacity. Seper denies the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.      Seper admits that, on August 19, 2015, Lance Coats was a police officer employed with the St. Louis Metropolitan Police Department acting under color of law. Seper admits Lance Coats is sued in his individual capacity. Seper denies the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10.     Seper admits that, on August 19, 2015, Stephen Dodge was a lieutenant employed with the St. Louis Metropolitan Police Department acting under color of law. Seper admits Stephen Dodge is sued in his individual capacity. Seper denies the remaining allegations in paragraph 10 of Plaintiffs' Complaint.

11.     Seper admits the allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Seper admits Michael Mayo is a lieutenant employed by the St. Louis Metropolitan Police Department. Seper admits the remaining allegations in paragraph 12 of Plaintiffs' Complaint.

13.     Seper admits the allegations in paragraph 13 of Plaintiffs' Complaint.

14.     Seper admits the allegations in paragraph 14 of Plaintiffs' Complaint.

15.     Paragraph 15 of Plaintiffs' Complaint is a legal conclusion devoid of any factual allegation. Therefore, no answer is required. To the extent an answer is required, Seper denies the allegations in paragraph 15 of Plaintiffs' Complaint.

16.     Paragraph 16 of Plaintiffs' Complaint is a legal conclusion devoid of any factual allegation. Therefore, no answer is required. To the extent an answer is required, Seper denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17.     Paragraph 17 of Plaintiffs' Complaint is a legal conclusion devoid of any factual allegation. Therefore, no answer is required. To the extent an answer is required, Seper denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.     Paragraph 18 of Plaintiffs' Complaint is a legal conclusion devoid of any factual allegation. Therefore, no answer is required. To the extent an answer is required, Seper denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.     Seper admits the allegations in paragraph 19 of Plaintiffs' Complaint.

20.     Seper admits that, on August 19, 2015, people gathered at the intersection of Page and Walton in the City of St. Louis. Seper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of Plaintiffs' Complaint.

21.     Seper denies the allegations in paragraph 21 of Plaintiffs' Complaint.

22.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Complaint.

23.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiffs' Complaint.

24.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiffs' Complaint.

25.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in 25 of Plaintiffs' Complaint.

26.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiffs' Complaint.

27.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Seper denies the allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiffs' Complaint.

30.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of Plaintiffs' Complaint.

31.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiffs' Complaint.

32.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiffs' Complaint.

33.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of Plaintiffs' Complaint.

34.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiffs' Complaint.

35.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Plaintiffs' Complaint.

36.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiffs' Complaint.

37.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiffs' Complaint.

38.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiffs' Complaint.

39.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiffs' Complaint.

40.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiffs' Complaint.

41.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiffs' Complaint.

42.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of Plaintiffs' Complaint.

43.     Seper denies the allegations in paragraph 43 of Plaintiffs' Complaint.

44.     Seper denies the allegations in paragraph 44 of Plaintiffs' Complaint.

45.     Seper denies the allegations in paragraph 45 of Plaintiffs' Complaint.

46.     Seper admits multiple dispersal orders were given. Seper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of Plaintiffs' Complaint.

47.     Seper denies that the warnings regarding the use of chemical munitions were unintelligible. Seper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of Plaintiffs' Complaint.

48.     Seper admits police moved west on Page. Seper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of Plaintiffs' Complaint.

49.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of Plaintiffs' Complaint.

50.     Seper denies the allegations in paragraph 50 of Plaintiffs' Complaint.

51.     Seper denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of Plaintiffs' Complaint.

53.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Plaintiffs' Complaint.

54.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiffs' Complaint.

55.     Seper admits some individuals moved west on Page and admits that, after police first deployed chemical munitions, police began to move west on Page. Seper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of Plaintiffs' Complaint.

56.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of Plaintiffs' Complaint.

57.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of Plaintiffs' Complaint.

58.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiffs' Complaint.

59.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiffs' Complaint.

60.     Seper denies the allegations in paragraph 60 of Plaintiffs' Complaint.

61.     Seper admits the BEAR was owned by the St. Louis Metropolitan Police Department and admits the officers stationed on the BEAR were employed with the St. Louis Metropolitan Police Department. Seper denies any remaining allegations in paragraph 61 of Plaintiffs' Complaint.

62.     Seper admits the allegations in paragraph 62 of Plaintiffs' Complaint.

63.     Seper admits Stephen Dodge gave various orders to the officers under his command, including to officers stationed on the BEAR. Seper denies any remaining allegations in paragraph 63 of Plaintiffs' Complaint.

64.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of Plaintiffs' Complaint.

65.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint.     .

66.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiffs' Complaint.

67.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of Plaintiffs' Complaint.

68.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiffs' Complaint.

69.     Seper admits there is no road intersecting Fountain Park and admits the BEAR traveled through Fountain Park on a concrete path. Seper denies the remaining allegations in paragraph 69 of Plaintiffs' Complaint.

70.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of Plaintiffs' Complaint.

71.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of Plaintiffs' Complaint.

72.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of Plaintiffs' Complaint.

73.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of Plaintiffs' Complaint.

74.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of Plaintiffs' Complaint.

75.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of Plaintiffs' Complaint.

76.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of Plaintiffs' Complaint.

77.     Seper denies the allegations in paragraph 77 of Plaintiffs' Complaint.

78.     Seper denies the allegations in paragraph 78 of Plaintiffs' Complaint.

79.     Seper denies the allegations in paragraph 79 of Plaintiffs' Complaint.

80.     Seper denies the allegations in paragraph 80 of Plaintiffs' Complaint.

81.     Seper denies the allegations in paragraph 81 of Plaintiffs' Complaint.

82.     Seper denies the allegations in paragraph 82 of Plaintiffs' Complaint.

83.     Seper denies the allegations in paragraph 83 of Plaintiffs' Complaint.

84.     Seper denies the allegations in paragraph 84 of Plaintiffs' Complaint.

85.     Seper denies the allegations in paragraph 85 of Plaintiffs' Complaint.

## COUNT I: FIRST AMENDMENT

86.     Seper incorporates his responses to paragraphs 1 through 85 above as and for his answer to paragraph 86 of Plaintiffs' Complaint.

87.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of Plaintiffs' Complaint.

88.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of Plaintiffs' Complaint.

89.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of Plaintiffs' Complaint.

90.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of Plaintiffs' Complaint.

91.     Seper denies the allegations in paragraph 91 of Plaintiffs' Complaint.

92.     Seper denies the allegations in paragraph 92 of Plaintiffs' Complaint.

93.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of Plaintiffs' Complaint.

94.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of Plaintiffs' Complaint.

95.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of Plaintiffs' Complaint.

96.     Seper denies the allegations in paragraph 96 of Plaintiffs' Complaint.

97.     Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of Plaintiffs' Complaint.

98.     Seper denies the allegations in paragraph 98 of Plaintiffs' Complaint.

99.     Paragraph 99 of Plaintiffs' Complaint is a legal conclusion devoid of any factual allegation. Therefore, no answer is required. To the extent an answer is required, Seper denies the allegations in paragraph 99 of Plaintiffs' Complaint.

100.    Seper denies the allegations in paragraph 100 of Plaintiffs' Complaint.

## COUNT II: FOURTH AMENDMENT

101.    Seper incorporates his responses to paragraphs 1 through 100 above as and for his answer to paragraph 101 of Plaintiffs' Complaint.

102.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of Plaintiffs' Complaint.

103.    Seper denies the allegations in paragraph 103 of Plaintiffs' Complaint.

104.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of Plaintiffs' Complaint.

105.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of Plaintiffs' Complaint.

106.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of Plaintiffs' Complaint.

107.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of Plaintiffs' Complaint.

108.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of Plaintiffs' Complaint.

109.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of Plaintiffs' Complaint.

110.    Seper denies the allegations in paragraph 110 of Plaintiffs' Complaint.

## COUNT III: FAILURE TO INTERVENE

111.    Seper incorporates his responses to paragraphs 1 through 110 above as and for his answer to paragraph 111 of Plaintiffs' Complaint.

112.    Seper denies the allegations in paragraph 112 of Plaintiffs' Complaint.

113.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of Plaintiffs' Complaint.

114.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of Plaintiffs' Complaint.

115.    Seper denies the allegations in paragraph 115 of Plaintiffs' Complaint.

116.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of Plaintiffs' Complaint.

117.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of Plaintiffs' Complaint.

118.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of Plaintiffs' Complaint.

119.    Seper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of Plaintiffs' Complaint.

120.    Seper denies the allegations in paragraph 120 of Plaintiffs' Complaint.

## COUNT IV: MUNICIPAL LIABILITY

Count IV does not name Seper as a defendant. Therefore, no answer to Count IV is required. To the extent an answer is required, Seper incorporates his responses to paragraphs 1 through 120 above as and for his answer to paragraph 121 of Plaintiffs' Complaint and denies all remaining allegations in Count IV of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims against Seper are barred by the doctrine of qualified immunity because Seper' conduct comported with established law and Seper did not violate any of Plaintiffs' clearly established constitutional rights of which a reasonable person would have known.

3.      Seper asserts all of the provisions of RSMo. §§ 537.600, 537.610 and 537.615.

4.      Seper is entitled to a set-off of all sums received as a result of settlements and judgments from any party or nonparty which may have liability for any claims arising out of the alleged incident.

## JURY DEMAND

**SEPER REQUESTS A TRIAL BY JURY IN THIS CASE**

WHEREFORE, having fully answered Plaintiffs' Complaint, Seper denies Plaintiffs are entitled to any relief or damages requested therein and respectfully requests that this Court enter judgment in favor of Seper in this matter.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Associate City Counselor
Attorney for Defendant Seper
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2018, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Andrew D. Wheaton