**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH MOLINA,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 4:17-cv-2498-AGF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ST. LOUIS** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

COME NOW Defendants City of St. Louis ("City"), Daniel Book, Joseph Busso, Jason Chambers, Lance Coats, Stephen Dodge, Joseph Mader, Michael Mayo, Mark Seper, and William Wethington, by and through their attorney Julian Bush, City Counselor for the City of St. Louis, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit this motion for summary judgment. In support thereof, the following statements are made:

1. Plaintiffs Sarah Molina ("Molina"), Christina Vogel ("Vogel"), and Peter Groce ("Groce") (collectively "Plaintiffs") allege, pursuant to 42 U.S.C. § 1983, that all nine officers they assume were in City's B.E.A.R. Tactical Vehicle ("B.E.A.R.") on August 19, 2015 shot tear gas canisters directly at them in retaliation for their participation in protests.

2. Specifically, Molina and Vogel allege that "[a]pproximately 30 minutes after the police had begun shooting tear gas canisters at protestors at Walton and Page, a B.E.A.R. traveled down Euclid Avenue and shot more tear gas canisters and/or smoke grenades directly at Ms. Vogel, Ms. Molina, and her neighbor and friends, standing on

1

the sidewalk in the neighborhood." (Pl.'s Compl. ¶ 60). Groce alleges that, minutes later, he "encountered the BEAR in [Fountain Park] that Ms. Molina had seen travel down Euclid Avenue," that he "told the officers in the vehicle to get out of the park," and that, in response, "officers in the BEAR shot a tear gas canister and pepper spray directly at him." (Pl.'s Compl. ¶¶ 76-78).

3.      Plaintiffs assert a § 1983 First Amendment retaliation claim against all individual defendants (Count I), a § 1983 Fourth Amendment excessive force claim against all individual defendants (Count II), a § 1983 failure to intervene claim against all individual defendants (Count III), and a § 1983 municipal liability claim against City (Count IV).

4.      Molina and Vogel's allegations are blatantly contradicted by the record.

5.      Plaintiffs cannot establish that any individual defendant was personally involved in and directly responsible for the alleged specific deployments of chemical munitions at issue in this case.

6.      Plaintiffs cannot establish that any individual defendant retaliated against any Plaintiff for engaging in protected First Amendment activity.

7.      Plaintiffs cannot establish their failure to protect claim.

8.      Plaintiffs cannot establish their claim for municipal liability.

9.      Molina and Vogel cannot establish that they were actually injured by the alleged deployment South on Euclid.

10.     Plaintiffs unlawfully failed to disperse and any exposure to tear gas was therefore justified.

11.     The individual defendants are entitled to qualified immunity because their conduct comported with and did not violate clearly established law.

12.     A memorandum of law in support of this motion is filed herewith and incorporated herein by reference.

WHEREFORE, for all of the reasons set forth above, Defendants respectfully requests that this honorable Court grant summary judgment in favor of Defendants and against Plaintiffs.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Associate City Counselor
Attorney for Defendants
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Andrew D. Wheaton