# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **SARAH MOLINA**, *et al*. ) | |
| ) | |
| **Plaintiffs,** ) | Case No. 4:17-cv-2498-AGF |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF ST. LOUIS** *et al*., ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

COME NOW Defendants City of St. Louis ("City"), Lance Coats ("Coats"), and William Wethington ("Wethington") (collectively "Defendants"), by and through their attorney Julian Bush, City Counselor for the City of St. Louis, and for City's Response to Plaintiffs' Motion to Compel (Doc. 121) state as follows:

Plaintiffs now moves to compel the production of: 1) all records responsive to Request Number 19 of Plaintiffs' Third Request for Production; 2) a "fully responsive version" of a previously produced social media post by Coats; and 3) a "fully responsive version" of a previously produced social media post by Wethington.

As an initial matter, and despite the that fact that Plaintiffs' counsel did not raise the issue of the adequacy of screen shots that were produced nearly two months before until January 30, 2019 (the day *after* the close of discovery in this case on January 29), Defendants have now produced screen shots of the respective social media posts that include the date posted as well as the comments. Defendants have also produced the video referenced in Wethington's post. Defendants understand that "the disputes related to the individual defendants" have now been

resolved, leaving only the issue of Request Number 19 of Plaintiffs' Third Request for Production:

## REQUEST 19 OF PLAINTIFFS' THIRD REQUEST FOR PRODUCTION

On January 7, 2019, City timely responded to Plaintiffs' Third Request for Production, wherein Plaintiffs requested, *intra alia*, "all documents used in or created for Critical Incident Review regarding" nine separate specific incidents of civil unrest identified in Plaintiffs' Amended Complaint. (Doc. 36, ¶¶ 121-122). City responded that it does not possess documents responsive to these requests, which were numbered 1, 3, 5, 7, 9, 15, and 17. The final request number 19, at issue here, read as follows:

> 19. To the extent not already included in one of the Requests above, from January 1, 2012 to present that contain one or more of the following terms: "chemical agent" or "chemical munition" or "OC spray" or "oleoresin capsicum" or "mace" or "fogger" or "tear gas" or "inert smoke" or "pepper pellets" or "smoke bomb" or "PepperBalls" or "pepper balls" or "pepper spray" or "launched OC" or "gas grenades" or "CS impact" or "CS riot smoke" or "CS Triple Phaser."

City objected as follows:

> RESPONSE: Objection. This request is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case. It would be unduly burdensome to collect and read every Critical Incident Review ever created in order to determine whether any contain the identified terms. Even if some do, they would be irrelevant and the burden of painstakingly searching for and producing them would require significant expenditure of time and effort without yielding proportionally relevant information. This is particularly true where City does not possess any Critical Incident Reviews responsive to request numbers 1, 3, 5, 7, 9, 11, 13, 15, 17 above.

On January 29, 2019 Plaintiffs' raised an issue with City's objection for the first time.[1]

Plaintiffs now claim that the requested documents are necessary and relevant to their claim for municipal liability.

---

[1] The Court's Amended Case Management Order provides that "Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above [of December 28, 2019]." (Doc. 67). On October 16, 2018, the Court ordered that the discovery deadline be

2

Plaintiffs' claim for municipal liability alleges that "at the time [Plaintiffs] were gassed and/or sprayed, the City of St. Louis, through SLMPD, had a custom or policy of deploying chemical munitions against protesters, observers of protests, and other pedestrians when the City perceived them to be expressing an anti-law enforcement view and in order to retaliate against them for that perceived view and chill public expression of that perceived view." (Pls. Compl. ¶ 121).

Because Plaintiffs' claim for municipal liability is limited to instances where they allege City or its agents deployed chemical agents "*against protestors… perceived to be expressing an anti-law enforcement view*," City responded to Plaintiffs' requests that were targeted to the nine separate specific incidents of civil unrest referenced in Plaintiffs' Amended Complaint as arguably seeking relevant information. Request 19 is far broader and, unlike Plaintiffs' claim for municipal liability, is not limited to protests.

The St. Louis Police Department conducts critical incident reviews relative to a number of non-protest related incidents that would have absolutely no bearing on this case, including where Department employees are shot or seriously injured on the job, where an officer shoots someone while on or off duty, for vehicle pursuits in which death or serious injury to any person has resulted, and for other serious incidents deemed necessary for review.

There is no central repository or single records custodian that maintains these critical incident reviews, and it would be incredibly difficult to locate, compile, and read every critical incident review created since 2012 to determine whether any contain one or more of Plaintiffs'

---

extended until January 29, 2019, but provided that "[e]xcept as amended herein, the Case Management Order dated July 26, 2018 (ECF No. 67) shall remain in effect." (Doc. 87). Based on the language of the Court's orders, it appears Plaintiffs' instant motion to compel is untimely and should therefore be denied. To the extent the Court finds Plaintiffs' motion to compel was timely filed in that the discovery deadline was amended, Plaintiffs' Motion to Compel should be denied because it was not pursued in a diligent and timely manner. Plaintiffs' counsel timely received the City's response to Plaintiff's Third Request for Production on January 7, 2019, but waited until the final day of discovery (January 29, 2019) to raise any issue with the City's objections to Request Number 19.

18 identified terms. As City pointed out in its objection and maintains, even if some (of the requested non-protest related critical incident reports) do, they would be irrelevant and the burden of painstakingly searching for and producing them would require significant expenditure of time and effort without yielding proportionally relevant information. As written, Plaintiffs' Request 19 is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case.

Moreover, to the extent Plaintiffs seek "all documents *used in* or created for Critical Incident Review" as the request is written, the request unreasonably seeks an incredibly vast amount of material, including, as potential examples, witness statements and recorded interviews relative to vehicle pursuits and officer-involved shootings, surveillance footage of unrelated non-protest incidents, complete incidents reports relative to non-protest incidents, and any other material that may have been used in or relied upon in conducting a critical incident review.[2] In sum, Plaintiffs were entitled to seek information relevant to their claim that City or its agents deployed chemical agents "*against protestors*… perceived to be expressing an anti-law enforcement view," and Request 19 is not so limited.

For these reasons, Plaintiffs' Motion to Compel "all records responsive to Request Number 19 of Plaintiffs' Third Request for Production" should be denied.

WHEREFORE, and for all the foregoing reasons, Defendants respectfully requests that Plaintiffs' Motion to Compel be denied and for that the Court grant Defendants and such other and further relief the Court deem fair and appropriate.

---

[2] There appears to some confusion on the part of Plaintiffs with regard to what Request 19 seeks. On January 29, 2019, Plaintiffs' counsel wrote that "City must have misread the request since it asks only for documents used in or created for Critical Incident Reviews from 2012 onward (7 years)" – suggesting Plaintiffs were not seeking "critical incident reviews" but instead, the documents "used in or created for Critical Incident Reviews." (Doc 121, p.3). Later, on February 5, 2019, Plaintiffs' counsel wrote that Request 19 was "requesting certain critical incident reviews." (Doc 121, p.3). In light of this confusion, City can only rely on the language of the request which, as set forth above, is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case.

4

        Respectfully submitted,

        JULIAN BUSH,
        CITY COUNSELOR

        By: /s/ Andrew D. Wheaton
        Andrew D. Wheaton   #65269MO
        Associate City Counselor
        City Hall, Room 314
        St. Louis, MO 63103
        314.622.4594
        FAX: 314.622.4956
        wheatona@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 15, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record.

        /s/ Andrew D. Wheaton