UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH MOLINA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  4:17-CV-2498-AGF |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion (ECF No. 129) to defer ruling on Defendants' motion for summary judgment (ECF No. 123) pursuant to Rule 56(d) and also on Plaintiffs' motion to stay deadlines (ECF No. 139) set forth in the Case Management Order (ECF Nos. 67, 87).  In support of both motions, Plaintiffs state that mediation of the parties' discovery disputes remains ongoing, and the information sought within the scope of those disputes is necessary in order for Plaintiffs to respond to Defendants' motion for summary judgment and to prepare Plaintiffs' case-in-chief for trial.  Plaintiffs further advise the Court that, even upon completion of mediation, Plaintiffs do not anticipate receiving any records responsive to their requests for at least several more weeks.  The case is currently set for trial on June 10, 2019.

Defendants assert that further discovery is unnecessary because they are entitled to summary judgment on the basis of qualified immunity.  Plaintiffs reply that the discovery they seek relates precisely to the facts relevant to a qualified immunity analysis, such as

the existence of practices and customs causing a deprivation of their rights and the Defendant officers' knowledge thereof.

The purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment. *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir.2002). The rule allows a party to request a delay in summary judgment proceedings where the discovery of additional evidence might rebut the absence of a genuine issue of material fact. *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir.2006). The "rule should be applied with a spirit of liberality." *Casino Magic*, 293 F.3d at 426.

The Court is familiar with the discovery matters at issue in Plaintiffs' motions to compel (ECF Nos. 88, 121) and agrees with Plaintiffs that Defendants' motion for summary judgment cannot be resolved prior to the completion of discovery. Given existing circumstances and deadlines, the Court will follow the "usual practice" under Rule 56(d), which is to deny Defendants' motion for summary judgment without prejudice to re-filing after Plaintiff has conducted whatever discovery is deemed appropriate upon resolution of the parties' discovery disputes. *Hoops v. Med. Reimbursements of Am., Inc.*, 4:16-CV-01543-AGF, 2017 WL 5054732, at *1 (E.D. Mo. Feb. 2, 2017). The Court will address case management scheduling at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Rule 56(d) motion is **GRANTED**. ECF No. 129.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **DENIED without prejudice**. ECF No. 123.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay all deadlines in this case is **GRANTED**. ECF No. 139.

**IT IS FURTHER ORDERED** that the trial date of June 10, 2019, is **VACATED**.

**IT IS FURTHER ORDERED** that, within seven (7) days after the conclusion of mediation of the parties' discovery disputes, the parties shall file a joint status report as to remaining discovery to be conducted and a joint scheduling plan re-setting the remaining CMO deadlines and trial date.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2019.