UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH MOLINA, *et al.* | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-cv-2498-AGF |
| CITY OF ST. LOUIS, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to compel discovery with respect to Plaintiff Christina Vogel's medical records. ECF No. 157. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

Plaintiffs filed this lawsuit on September 29, 2017, asserting retaliation in violation of the First Amendment and excessive force in violation of the Fourth Amendment, resulting from actions by the City of St. Louis, St. Clair County, Illinois, and several police officers, during a civil protest on August 19, 2015. More specifically, Plaintiffs claim that Defendants retaliated against them for peaceful protest activity and used excessive force by shooting tear gas and pepper spray. As pertinent to the present motion, Plaintiff Vogel claims that, due to this incident, she "experienced physical and mental distress, including panic attacks and sensory flashbacks." ECF No. 36, ¶¶81, 85.

During discovery, Defendants propounded interrogatories seeking information regarding Vogel's medical history beginning five years before the incident.  As relevant here, Vogel's response included the following providers: (1) Deveraux Counseling, where Vogel received counseling between 2016 and 2018; (2)  the Kelsey-Seybold Clinic, where Vogel received treatment sometime between 2010 and 2012 for "shortness of breath that was never resolved;" and (3)  the Houston Northwest Medical Center, where Vogel visited the emergency room sometime between 2010 and 2012. Subsequently, in her deposition, Vogel was asked about panic attacks prior to the incident.  Vogel acknowledged that she previously had difficulty breathing (referring to the episode around 2010-2012), but she did not attribute it to anxiety, and she never underwent any tests for asthma or otherwise, stating, "the doctors never really figured out what that was."

Defendants ask the Court to order Vogel to execute authorizations for the release of all medical records from the foregoing three providers.  In support of their motion, Defendants assert that (1) Vogel's records are relevant to ascertain whether there are alternate causes of her emotional distress and associated symptoms (e.g., shortness of breath) unrelated to Defendants' alleged conduct and (2) Vogel waived privilege by putting her health at issue in this case.  Defendants note that the protective order entered in this case (ECF No. 150) ensures Vogel's privacy with respect to the records sought.

Vogel responds that her allegation of garden-variety emotional distress[1] does not place a decade of her health history at issue; she did not waive privilege, and her records should be deemed irrelevant.  ECF No. 159.  She states that she does not intend to present any evidence of difficulty breathing at any time after the incident, so Defendants' theory of alternate causation is misplaced.  Additionally, Vogel contends that Defendants' requests for production were not properly served as required by Rule 34.

## DISCUSSION

The Federal Rules of Civil Procedure provide for broad discovery.  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Thus, although the Federal Rules permit broad discovery, the discovery sought must be nonprivileged and relevant.

The Supreme Court has recognized a psychotherapist-patient privilege to protect confidential communications, based on the "imperative need for confidence and trust" in this relationship.  *Jaffee v. Redmond*, 518 U.S. 1, 9-10 (1996).  However, this privilege can be waived by a plaintiff "placing her medical condition at issue," which includes claims of "emotional distress."  *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).

Defendants primarily rely on *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011).  There, this Court granted a motion to

---

[1] The phrase "garden variety emotional distress" is used to describe "ordinary and commonplace emotional distress" that is "simple or usual," as compared to complex distress resulting in a specific psychiatric disorder. *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011).

compel documents concerning treatment that the plaintiff had received for emotional distress prior to the termination of her employment as potentially relevant to whether there may have been other causes of her emotional distress. The Court is not persuaded that *Eggering* is entirely on point here. In that case, the sought documents related specifically to the plaintiff's prior *treatment for* emotional distress. Here, Defendants seek Vogel's physical health records from medical providers consulted for breathlessness; these are not clearly "documents related to prior *treatment for* emotional distress," as in *Eggering*.

Vogel relies on cases drawing this distinction. For instance, in *Holter v. Wells Fargo & Co.*, a disability discrimination case, the plaintiff claimed disability based on her mental impairments and sought significant damages for emotional distress. 281 F.R.D. 340, 342 (D. Minn. 2011). The defendant sought production of the plaintiff's medical records, asserting that she placed her mental, physical, and emotional health in controversy. The plaintiff countered that she had not placed her *physical* health in controversy, and her garden-variety emotional distress claim did not open the door for unfettered access to her entire medical file. The district court ruled that the defendant was entitled to obtain any pre-claim records regarding the plaintiff's psychological issues but not regarding her physical health, as that information had no bearing on her claims. *Id*. at 343.

Here, Vogel has placed her mental health at issue and waived the psychotherapist-patient privilege. *See Schoffstall*, 223 F.3d at 823. The Court will grant Defendants' motion to compel to the extent they seek production of Vogel's treatment with Devereux

4

Counseling after August 19, 2015.  However, the Court finds unreasonably overbroad Defendant's request for *all* of Vogel's physical health records from more than three years prior to the incident.  *See* ECF No. 158-3.  Therefore, the Court will limit the scope of discovery of Vogel's pre-incident medical records to only those clearly relating to any treatment for emotional distress or difficulty breathing.  While Defendants are entitled to review such records to determine themselves whether Vogel's breathlessness might have been attributable to anxiety pre-dating the incident, the Court reserves for later consideration whether Defendants may argue such a connection at trial.

     As for the mechanics of production, Vogel claims that she is unable to produce responsive documents herself because she has none in her possession, while she simultaneously refuses to sign releases enabling Defendants to obtain the documents directly from the providers.  This Court has previously ordered a party to execute releases within the scope of the Court's order compelling production.  *Shikapwashya v. Urban League of Metro. St. Louis*, No. 4:17-CV-01961-AGF, 2018 WL 3575113, at *2 (E.D. Mo. July 25, 2018).  Given that the entirety of Vogel's post-incident records from Devereux Counseling are discoverable, the Court will order Vogel to sign a release as to those documents.  With respect to any records from Kelsey-Seybold Clinic or Houston Northwest Medical Center falling within the scope of this order, i.e., reflecting pre-incident treatment for emotional distress or difficulty breathing, Vogel will be ordered to sign a release for authorization within these parameters, absent the parties' mutual agreement to proceed otherwise.

5

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to compel is **GRANTED in part and DENIED in part** as set forth above.  ECF No. 157.  Plaintiff shall execute medical authorizations within the parameters set forth in this Order.

**IT IS FURTHER ORDERED** that the parties shall work together in good faith to ensure Ms. Vogel's privacy with respect to all records produced, in a manner consistent with the Protective Order previously entered in this case (ECF No. 150).

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2020.