**Jessie Steffan**

| | |
|---|---|
| **From:** | Anthony Rothert |
| **Sent:** | Monday, March 25, 2019 3:01 PM |
| **To:** | 'Wheaton, Andrew'; Jessie Steffan |
| **Cc:** | John Cowling |
| **Subject:** | RE: Molina et al. v. City of St. Louis et al. |

Andrew,

The supplemental response to RFP 3, # 19 would be acceptable.

Coats's lack of memory is not a sufficient response to this request for production. He is required to search for it. He has it and posted it, so probably searching texts and emails from around the time he posted it or saved it on his own device would be a good start. If he is unable to find it after searching, then a description of his search efforts be okay..

Thank you.

Tony Rothert


**From:** Wheaton, Andrew [mailto:wheatona@stlouis-mo.gov]
**Sent:** Friday, March 22, 2019 12:49 PM
**To:** Anthony Rothert <arothert@aclu-mo.org>; Jessie Steffan <jsteffan@aclu-mo.org>
**Cc:** John Cowling <jcowling@armstrongteasdale.com>
**Subject:** Molina et al. v. City of St. Louis et al.

Tony,

With regard to RFP 3 #19, the City agrees to your proposal that it provide a supplemental response to the effect of, "the City does not possess any critical incident reviews regarding protests." Please confirm that is acceptable.

With regard to the Coats photo, I have confirmed that he does not remember who took it or where it came from. He assumes he got it from somewhere else because he's in it, but all he knows is that he posted it.

Please let me know if there any other issues that need be addressed regarding Plaintiff's second motion to compel. I am not aware of any. Thank you.


Andrew D. Wheaton | Associate City Counselor | WheatonA@stlouis-mo.gov
St. Louis City Counselor's Office| 1200 Market Street, City Hall, Room 314 | St. Louis, MO
Direct: 314-622-4594| Main: 314-622-3361| Fax: 314-622-4956

E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential or legally privileged information. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited.

Pls.' Ex. 27

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SARAH MOLINA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.:  4:17-CV-2498 AGF |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF ST. LOUIS' RESPONSE
TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant, City of St. Louis ("City"), by and through its attorney Julian Bush, City Counselor for the City of St. Louis, pursuant to Federal Rule of Civil Procedure 34, and for City's Response to Plaintiffs' Third Request for Production of Documents states as follows:

**DEFINITIONS**

1. Plaintiffs incorporate the definitions from their first requests for production as if they were set forth herein.

2. The term "Critical Incident Review" is defined as that term is used in Special Order 1-01, Section XII, of the Metropolitan Police Department – City of St. Louis, Office of the Chief of Police.

3. The terms "I/LEADS report" and "Officer Assault Segment" are defined as those terms are used in Special Order 1-01, Section IV, of the Metropolitan Police Department – City of St. Louis, Office of the Chief of Police.

1

4. The term "pepper mace" is defined as that term is used in Special Order 1-01, Section IV, of the Metropolitan Police Department – City of St. Louis, Office of the Chief of Police, to include any kind of pepper mace product containing "oleoresin capsicum" (OC).

**City objects to Plaintiffs' "Definitions." They are improper and not contemplated by the Federal Rules of Civil Procedure.**

## REQUESTS FOR PRODUCTION

1. All documents used in or created for Critical Incident Review regarding the August 19, 2015 protests related to the killing of Mansur Ball-Bey.

**RESPONSE**: City does not possess and documents responsive to this request.

2. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace on August 19, 2015 in the Fountain Park neighborhood.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

3. All documents used in or created for Critical Incident Review regarding the March 15, 2012 protests in or around Compton Hills Reservoir Park near the intersection of Grand Avenue and I-44.

**RESPONSE**: City does not possess and documents responsive to this request.

4. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace at the March 15, 2012 protests in or around Compton Hills Reservoir Park near the intersection of Grand Avenue and I-44.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

5. All documents used in or created for Critical Incident Review regarding the

October 2014 deployment of tear gas and pepper spray just north of the intersection of Vandeventer and Manchester/Chouteau Avenues.

**RESPONSE**: City does not possess and documents responsive to this request.

6. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace just north of the intersection of Vandeventer and Manchester/Chouteau Avenues in October 2014.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

7. All documents used in or created for Critical Incident Review regarding the October 9, 2014 deployment of tear gas just east of the intersection of Arsenal Street and Grand Avenue.

**RESPONSE**: City does not possess and documents responsive to this request.

8. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace on October 9, 2014 just east of the intersection of Arsenal Street and Grand Avenue.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

9. All documents used in or created for Critical Incident Review regarding the deployment of tear gas in the early-morning hours of November 25, 2014, on Arsenal Street just to the west of Grand Avenue.

**RESPONSE**: City does not possess and documents responsive to this request.

10. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace in the early-morning hours of November 25, 2014, on Arsenal Street just to the

west of Grand Avenue.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

11. All documents used in or created for Critical Incident Review regarding the November 25, 2014 deployment of pepper spray on Highway I-70/I-44 just north of the Martin Luther King bridge.

**RESPONSE**: City does not possess and documents responsive to this request.

12. All I/LEADS reports, including Officer Assault Segments, regarding the November 25, 2014 deployment of pepper spray on Highway I-70/I-44 just north of the Martin Luther King bridge.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

13. All documents used in or created for Critical Incident Review regarding the threat to deploy pepper spray on or about December 1, 2014, at Kiener Plaza Park on Chestnut Avenue.

**RESPONSE**: City does not possess and documents responsive to this request.

14. All I/LEADS reports, including Officer Assault Segments, regarding the use of or threat of the use of pepper mace on or about December 1, 2014, at Kiener Plaza Park on Chestnut Avenue.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

15. All documents used in or created for Critical Incident Review regarding the deployment of pepper spray on or about December 31, 2014, near SLMPD headquarters at Olive and Nineteenth Streets.

**RESPONSE**: City does not possess and documents responsive to this request.

16. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace on or about December 31, 2014, near SLMPD headquarters at Olive and Nineteenth Streets.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

17. All documents used in or created for Critical Incident Review regarding the deployment of pepper spray on or about May 19, 2015, on Fillmore Street in the Holly Hills neighborhood.

**RESPONSE**: City does not possess and documents responsive to this request.

18. All I/LEADS reports, including Officer Assault Segments, regarding the use of pepper mace on or about May 19, 2015, on Fillmore Street in the Holly Hills neighborhood.

**RESPONSE**: Except to the extent already incorporated into the Incident Reports previously produced by City, none.

19. To the extent not already included in one of the Requests above, all documents used in or created for Critical Incident Review from January 1, 2012 to present that contain one or more of the following terms: "chemical agent" or "chemical munition" or "OC spray" or "oleoresin capsicum" or "mace" or "fogger" or "tear gas" or "inert smoke" or "pepper pellets" or "smoke bomb" or "PepperBalls" or "pepper balls" or "pepper spray" or "launched OC" or "gas grenades" or "CS impact" or "CS riot smoke" or "CS Triple Phaser."

**RESPONSE**: Objection. This request is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case. It would be unduly burdensome to collect and read every Critical Incident Review ever created in order to determine whether any

5

contain the identified terms. Even if some do, they would be irrelevant and the burden of painstakingly searching for and producing them would require significant expenditure of time and effort without yielding proportionally relevant information. This is particularly true where City does not possess any Critical Incident Reviews responsive to request numbers 1, 3, 5, 7, 9, 11, 13, 15, 17 above

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Associate City Counselor
Attorney for City of St. Louis
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2019, the foregoing was electronically sent via email to Jessie Steffan and Anthony Rothert, counsel for Plaintiffs.

/s/ Andrew D. Wheaton