**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH MOLINA,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 4:17-cv-2498-AGF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ST. LOUIS** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE DOCUMENTS 183-7, 8, 11, 15, AND 25**

COME NOW Defendants City of St. Louis ("City"), Daniel Book, Joseph Busso, Lance Coats, Stephen Dodge, Joseph Mader, Michael Mayo, Mark Seper, and William Wethington, by and through their attorney Julian Bush, City Counselor for the City of St. Louis, and pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, hereby submit this memorandum in support of their Motion to Strike Documents 183-7, 8, 11, 15, and 25. In support thereof, the following statements are made:

Plaintiffs' Response to Defendants' Motion for Summary Judgment relies, in part, upon depositions, declarations, and testimony excerpts from other cases, which counsel for Defendants was not present for and never agreed could be used in this matter. These include truncated excerpts of testimony, presumably from *Ahmad v. City of St. Louis*, Case No. 27-cv-2455, including that of Timothy Sachs, Brian Rossomanno, Keith Rose, and Lawrence O'Toole (Docs. 183-7, 8, 15, 25). Counsel for the Defendants in this case was not present at that hearing and did not have the opportunity to cross-examine these witnesses with regard to this case. And, of course, these witnesses were never deposed in

1

this case.

Plaintiff also relies on the Declaration of Suzanne Brown, dated December 3, 2014 (Doc. 182-11), which, to counsel's knowledge, was never produced in this case prior to its attachment in response to Defendants' Motion for Summary Judgment.

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." And, it is within the district court's discretion to exclude testimony as a sanction for failure to disclose witnesses in compliance with discovery and pretrial orders. *See Admiral Theatre Corp. v. Douglas Theatre Co*., 585 F.2d 877, 897-98 (8th Cir. 1978).

Here, Defendants never agreed that that Documents 183-7, 8, 11, 15, and 25 could be used in this case.[1] And, for the reasons set forth above, Defendants are prejudiced by the attachment and use of Documents 183-7, 8, 11, 15, and 25. For these reasons, Defendants respectfully request that the Court strike and exclude Documents 183-7, 8, 11, 15, and 25.

WHEREFORE, for all of the reasons set forth above, Defendants respectfully requests that this honorable Court strike Documents 183-7, 8, 11, 15, and 25.

---

[1] Plaintiffs agreed that the deposition of Scott Kampas taken in *Ahmad* could be utilized in this case in lieu of re-deposing him in this matter. In exchange, Defendants agreed that material produced in this matter could be utilized in *Ahmad*. (See Ex. A, February 19, 2020 Email Chain). But, Defendants never agreed that material produced in *Ahmad* could be used in this case and certainly never agreed that testimony from *Ahmad*, which counsel for Defendants was not present for, could be used in this case.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Associate City Counselor
Attorney for Defendants
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Andrew D. Wheaton