IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH MOLINA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.:  4:17-cv-2498 AGF |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**Memorandum in Opposition to Motion to Strike**

Defendants' motion to strike is baseless for several reasons. It should be denied.

**First**, only a matter from a pleading may be struck. *See* Fed. R. Civ. P. 7(a), 12(f). Under Rule 7(a), pleadings include complaints and third-party complaints; answers to complaints, crossclaims, and counterclaims; and replies to answers. Other matters may not be struck. *See CitiMortgage, Inc. v. Equity Bank, N.A.*, 261 F. Supp. 3d 942, 949 (E.D. Mo. Aug. 18, 2017) ("A motion to strike is properly directed only to material contained in pleadings."). *See also McFarland v. McFarland*, No. 08-CV-4047-MWB, 2011 WL 4402356, at *7 (N.D. Iowa Sept. 20, 2011) ("Here, defendants are not seeking to strike matter from a pleading, but, instead, are attempting to strike an affidavit offered in support of [plaintiff's] resistance to defendants' motions for summary judgment. As a result, defendants' Motion to Strike is improper under Rule 12(f) of the Federal Rules of Civil Procedure, and, consequently, is denied."). For that reason alone, Defendants' motion to strike should be denied.

**Second**, the documents that Defendants seek to strike—all submitted in opposition to Defendants' summary judgment motion—may be properly considered at the summary-judgment stage. The first group of documents that Defendants seek to strike are excerpts of sworn

1

testimony from *Ahmad v. City of St. Louis*, 4:17-CV-2455-CDP (E.D. Mo.). Defendants object to the testimony of four witnesses: two of those witnesses were the City's own (Timothy Sachs and Brian Rossomanno, called by the City to testify during the *Ahmad* preliminary-injunction hearing in October 2017); one was a witness called by the plaintiffs in *Ahmad*, also called to testify during that hearing (Keith Rose), and one is the former Commissioner (Chief) of Police for the City of St. Louis, deposed during the discovery period in *Ahmad*. The second category of documents that Defendants seek to strike consists only of a sworn affidavit from Suzanne Brown submitted in *Templeton v. City of St. Louis*, 4:14-CV-2019-CEJ (E.D. Mo.).

      Defendants seem to want to squeeze their improper motion to strike under Federal Rule of Civil Procedure 37. That too is baseless. Each of the identified witnesses was properly disclosed as part of Plaintiffs' Rule 26 disclosures. Four of them were disclosed on August 23, 2018; the remaining witness was disclosed on January 23, 2019, more than a year before the discovery period ended on June 8, 2020. (*See* Exs. 1 and 2, attached hereto; ECF No. 155 (discovery deadline).) There was no requirement that their sworn statements, all equally available to Defendants, be disclosed. Nonetheless, the only *written* of the sworn statements, the Brown affidavit, *was* disclosed. (*See* Ex. 3, Pl-00117–118.) Likewise, Plaintiffs disclosed that they would be using materials from *Ahmad*. (*See* Ex. 3 at 6.)

      Defendants emphasize that "counsel for Defendants was not present for" the testimony of these witnesses. It is not clear what Defendants mean by that statement. Not only was the City of St. Louis party to *Ahmad* and present for the testimony of each of the disputed witnesses and provided an ample opportunity to ask questions of him, but also the same individual City Counselor represented the City during *Ahmad* as in this case—only the associate city counselor

is a different person, and that is not a proper basis for disregarding Plaintiffs' evidence.[1] Likewise, the City was a party to the *Templeton* case and provided an opportunity to respond to the motion that the Brown affidavit supported.

**Third**, the pertinent question is not whether the evidence submitted in opposition to a summary-judgment motion is itself admissible but whether it can be "presented in a form that *would* be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added); *see also Gannon Int'l v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) ("the standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it could be presented at trial in an admissible form").[2] Defendants also do not even attempt to argue that they could not be *made* admissible by calling those witnesses—all properly disclosed—to testify about the same facts at trial. *See Gannon*, 684 F.3d at 793 (holding that it is not an abuse of discretion for a district court to overrule a Rule 56(c)(2) objection where the objecting party "does not even

---

[1] And, again, Sachs and Rossomono are witnesses who testimony resulted from the City calling them to the stand.

[2] Although it is not a requirement at this stage of the case, most of the disputed testimony *is* admissible as-is. The sworn witness testimony from the *Ahmad* preliminary-injunction hearing (Rossomanno and Sachs), both called by the City, are statements of a party-opponent under Fed. R. Evid. 801(d)(2)—and likewise the deposition testimony from O'Toole. *See, e.g., Bonenberger v. St. Louis Metro. Police Dep't*, 956 F. Supp. 2d 1059, 1066 (E.D. Mo. 2013) (holding that St. Louis police officer's statements on a matter within the scope of that relationship and while it existed "may be attributed to the Department" under Fed. R. Evid. 801(d)(2)(D)); *Bonds v. Dautovic*, 725 F. Supp. 2d 841, 846 (S.D. Iowa 2010) (considering relevant deposition statements from police chief as admissions of party-opponent in case against city of Des Moines).

Even if these witnesses *were* unavailable for trial, their sworn testimony from deposition and hearing would be subject to a hearsay exception under Fed. R. Evid. 804(b)(1), as former testimony "given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

In addition, the testimony of Rose may be admissible under the residual exception of Fed. R. Civ. P. 807. *See Banks v. Deere*, 829 F.3d 661, 667–668 (8th Cir. 2016) (favorably quoting *Worthy v. Mich. Bell. Tel. Co.*, 472 Fed. App'x 342, 344 (6th Cir. 2012) (unpublished) for the proposition that "a court may consider some forms of hearsay evidence in deciding a motion for summary judgment" if the evidence complies with Rule 56); *see also United States v. Carlson*, 547 F.2d 1346, 1354 (8th Cir. 1976) (holding that district court had not erred in admitting under residual clause grand-jury testimony from criminal witness where witness was unavailable, statements had been made under oath and falsehood would have subjected witness to perjury penalty, he had firsthand knowledge of incident, he had never recanted or expressed belated reservations, and the possibility of faulty recollection had been minimized); *United States v. Smith*, 591 F.3d 974, 980 (8th Cir. 2010) (describing Rule 807 factors).

attempt to argue that the [objectionable materials] could not [be] presented in an admissible form at trial"). As such, to the extent Defendants' motion can be construed as an objection to the Court's consideration of the disputed materials, it should be denied.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Omri E. Praiss, #41850MO
Kayla M. DeLoach, #72424MO
American Civil Liberties Union
of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63108
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org
kdeloach@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
Fax: (314) 652-3112
gwilcox@alcu-mo.org