**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH MOLINA, *et al.*** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 4:17-cv-2498-AGF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ST. LOUIS *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

COME NOW Defendants City of St. Louis ("City"), Daniel Book, Joseph Busso, Lance Coats, Stephen Dodge, Joseph Mader, Michael Mayo, Mark Seper, and William Wethington, by and through their attorney Michael Garvin, City Counselor for the City of St. Louis, and hereby notify the Court and all parties of pertinent and significant authority decided on March 25, 2021, and after Defendants' Reply in Support of Motion for Summary Judgment was filed on September 3, 2020. (Doc. 189).

On March 25, 2021, the United States Supreme Court issued its decision in *Torres v. Madrid*, No 19-292, 2021 U.S. LEXIS 1611 (Mar. 25, 2021), attached hereto as "Exhibit A." In *Torres*, two police officers shot Roxanne Torres ("Torres") twice in the back as she fled from the officers in her car. *Id*. at 6. Though injured, Torres managed to elude the officers, steal a car, and drive 75 miles to Grants, New Mexico. *Id*.

Torres later filed suit under 42 U. S. C. §1983, alleging "that the officers applied excessive force, making the shooting an unreasonable seizure under the Fourth Amendment." The District Court granted summary judgment in favor of the officers and the Tenth Circuit affirmed – both holding that Torres was not seized under the Fourth

Amendment and that her continued flight after being shot by police negated a Fourth Amendment excessive-force claim." *Id*. at 7.

In an apparent effort to address what the dissent called "considerable confusion" arising from the Supreme Court's decision in *California v. Hodari D*., 499 U. S. 621 (1991) regarding what constitutes a seizure, the Supreme Court granted certiorari and reversed. *Id*. at 31. In so doing, the Supreme Court announced a new test to determine when a Fourth Amendment seizure occurs by way of the application of physical force to the body of a person: "[t]he application of physical force to the body of a person *with intent to restrain* is a seizure, even if the force does not succeed in subduing the person." *Id*. at 5 (emphasis added).

After noting that it "rarely probe[s] the subjective motivations of police officers in the Fourth Amendment context," the Supreme Court held that "the appropriate inquiry is whether the challenged conduct *objectively* manifests an intent to restrain." *Id*. at 16-17 (emphasis in original) (citing *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)). The Court noted that it's decision was narrow and, importantly, held as follows:

> We stress, however, that the application of the common law rule does not transform every physical contact between a government employee and a member of the public into a Fourth Amendment seizure. A seizure requires the use of force with intent to restrain. Accidental force will not qualify. *See County of Sacramento v. Lewis*, 523 U. S. 833, 844, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). *Nor will force intentionally applied for some other purpose satisfy this rule. In this opinion, we consider only force used to apprehend. We do not accept the dissent's invitation to opine on matters not presented here—pepper spray, flash-bang grenades, lasers, and more.* Post, at 23.

*Id*. at 16 (emphasis added). Thus, the Supreme Court held that force applied for any objective purpose *other than* to restrain or apprehend does not constitute a Fourth Amendment seizure and cannot form the basis of a Fourth Amendment excessive force

claim. *Id*.

Here, like in *Quraishi v. St. Charles Cty*., No. 19-2462, 2021 U.S. App. LEXIS 2379 (8th Cir. Jan. 28, 2021), no plaintiff suffered a Fourth Amendment seizure because no alleged use of force manifested an objective intent to restrain or apprehend the Plaintiffs. Molina and Vogel assert they were exposed to tear gas, while Groce alleges he was hit by an object he believed to be a tear gas canister. These alleged uses of force plainly fall within the broad category of force applied for an objective purpose *other than* to restrain or apprehend. Thus, they do not constitute Fourth Amendment seizures and cannot form the basis of Plaintiffs' Fourth Amendment excessive force claims. *Id*.[1]

WHEREFORE, Defendants respectfully request that this honorable Court grant summary judgment in favor of Defendants and against Plaintiffs.

Respectfully submitted,

**MICHAEL GARVIN**
**CITY COUNSELOR**

By: /s/ Andrew Wheaton
Andrew Wheaton #65269 MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo 63103
(314) 622-3361
(314) 622-4956 fax
wheatona@stlouis-mo.gov
*Attorneys for Defendants*

[1] At the very least, it was not clearly established in August 19, 2015, that the alleged uses of force in this case constituted Fourth Amendment seizures, and the individual defendants are therefore entitled to qualified immunity.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2021 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system. I further certify that an electronic version of the foregoing, in Word format, was emailed to Plaintiff's counsel that same day.

/s/ Andrew D. Wheaton