UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH MOLINA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No.  4:17-CV-02498-AGF |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a Motion for Substitution of Parties filed by the St. Louis Board of Police Commissioners ("Board") and Brad Arteaga, Sonya Jenkins-Gray, Edward McVey, Chris Saracino, and Mayor Cara Spencer ("Individual Board Members").  ECF No. 261.  Plaintiffs have not filed a response and the time to do so has passed.

Due to a legislatively mandated transfer of certain responsibilities, ownership, liability, and obligations of the municipal police department under Mo. Stat. § 84.325, the Board and Individual Board Members move the Court to substitute the Individual Board Members (in their official capacities) as named defendants in this matter, taking the place of the City of St. Louis.

"Rule 25(c) permits substitutions when . . . an interest is transferred during a lawsuit." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995).  Rule 25(c) provides that "[i]f an interest is transferred, the action may be

continued by or against the original party, unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "The rule 'is designed to allow an action to continue unabated when an interest in a lawsuit changes hands,' rather than requiring the initiation of an entirely new lawsuit." *ELCA Enters., Inc.*, 53 F.3d at 191 (quoting *General Battery Corp. v. Globe–Union, Inc*., 100 F.R.D. 258, 261 (D. Del. 1982)).

Here, a transfer of interest has occurred under Rule 25(c), warranting substitution of parties in this case. Missouri Statutes Sections 84.020 and 84.325, enacted by the Missouri General Assembly on March 26, 2025, establish the Board as the governing body in control of the St. Louis Metropolitan Police Department ("SLMPD"). Upon the "assumption of control" by the Board, the state is directed to "accept responsibility, ownership, and liability as successor-in-interest." Mo. Stat. § 84.325. The Board has assumed control of the SLMPD as required pursuant to Mo. Stat. § 84.325, and accepted all responsibility, ownership, and liability of the SLMPD as provided in Mo. Stat. § 84.325. Further, "[t]he Eighth Circuit has been clear that the 'St. Louis Board of Police Commissioners is not a suable entity;' '[j]urisdiction can only be obtained by suing its individual members.'" *Irvin v. Brown*, No. 4:22-CV-00256-DGK, 2023 WL 3853963, at *4 (W.D. Mo. June 6, 2023) (quoting *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988)). Upon due consideration of all the above, the Motion for Substitution will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Board and Individual Board Members'

2

Motion for Substitution of Parties is **GRANTED**.  ECF No. 261.  The Clerk of Court shall update the Court's records to reflect that Brad Arteaga, Sonya Jenkins-Gray, Edward McVey, Chris Saracino, and Mayor Cara Spencer in their official capacities are substituted for the City of St. Louis, Missouri as Defendants in this matter.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2025