IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH MOLINA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.:  4:17-cv-2498 AGF |
| BRAD ARTEAGA, et al., | ) |
| Defendants. | ) |

**JOINT MOTION FOR EXTENSION OF TIME
TO COMPLETE ALTERNATIVE DISPUTE RESOLUTION AND TO AMEND THE SCHEDULING ORDER**

COMES NOW, counsel for Plaintiffs and Defendants, and respectfully and jointly move to extend the deadline for the parties to complete alternative dispute resolution and to amend the scheduling order.

In support of this request, the parties state:

1. On February 24, 2025, this Court denied Defendants' motion for summary judgment (ECF No. 252), thereby resolving and deciding which claims are ripe for trial in this matter. This February 24, 2025 decision came after Defendants' previous motion for summary judgment on qualified immunity had been decided and appealed by Defendants to the Eighth Circuit and a writ of certiorari to the United States Supreme Court related to that Eighth Circuit decision had been sought by Plaintiffs.

2. Following this Court's February 25, 2025 decision on the remaining issues related to whether the Eighth Circuit's decision in *Molina v. City of St. Louis*, 59 F.4th 334 (8th Cir. 2023), foreclosed Plaintiffs Molina and Vogel's municipal claims against the Defendant City (Count IV), the parties, pursuant to a previous order, submitted a joint proposed scheduling plan (ECF Nos. 236, 253, 254, 255, 256).

1

3. On March 12, 2025, this Court entered a new schedule with the following deadlines:

- The parties shall complete any additional discovery in this case no later than November 3, 2025.

- The case shall be referred to alternative dispute resolution on July 3, 2025, and that reference shall terminate on September 5, 2025.

- IT IS FURTHER ORDERED that the JURY trial in this case is SET for March 9, 2026, at 9:00am. This is a three-week docket.

(ECF No. 256).

4. On March 26, 2025, Mo. Rev. Stat. §§ 84.020 and 84.325 were enacted, requiring that, instead of the City of St. Louis retaining control of its police department, a board of police commissioners be created to assume control of the City of St. Louis Police Department.

5. On June 23, 2025, Governor Mike Kehoe announced his appointments to the Board of Police Commissioners for the City of St. Louis.

6. On July 7, 2025, the Court re-referred the case to ADR with a completion date of no later than September 5, 2025. (ECF No. 259). The Order required lead counsel to notify the clerk of the selected mediator no later than July 28, 2025. The parties consulted and agreed upon a mediator. However, the agreed-upon mediator's soonest availability on a date which all counsel and parties were available was September 11, 2025.

7. On July 23, 2025, following the enactment of Mo. Rev. Stat. § 84.020, attorneys with the Office of the Missouri Attorney General filed a motion for substitution of parties, stating that the newly created St. Louis Board of Police Commissioners had assumed control of the City of St. Louis Police Department, and therefore, the board and its individual members in their

official capacities requested that they be substituted to take the place of the City of St. Louis as Defendants in this matter.

8. On July 24, 2025, a joint motion for extension of time to complete ADR was filed seeking to move the ADR deadline from September 5, 2025, to September 11, 2025. (ECF No. 262). On July 25, 2025, the joint motion for extension of time to complete ADR was granted and the designation of neutral was filed. (ECF Nos. 263, 264).

9. On August 20, 2025, this Court entered a memorandum and order granting the motion to substitute parties and ordering that the Court's records reflect that Brad Arteaga, Sonya Jenkins-Gray, Edward McVey, Chris Saracino, and Mayor Cara Spencer (the board members) in their official capacities be substituted for the City of St. Louis, Missouri, as Defendants in this matter. (ECF No. 268).

10. On September 2, 2025, before the Missouri State Senate had voted to confirm the appointments of the individuals the Governor appointed to the board of police commissioners in June 2025, the Governor decided to rescind his selections indicating that he did not want to distract the Missouri State Senate from the special session on redistricting taking place in Jefferson City. Governor Kehoe has announced a plan to nominate the same five members to the State Senate after the special session is over.

11. On September 3, 2025, counsel for Defendants informed counsel for Plaintiffs that, because the appointments had been rescinded by the Governor, counsel for Defendants have no ability to obtain settlement authority for mediation. Settlement authority was going to be obtained on September 3, 2025, the day after the Governor rescinded his nominations of the board members.

12. Counsel for Defendants submits that once board members are nominated by the

3

Governor, they become acting commissioners until they are confirmed by the State Senate. As acting commissioners, they will have authority to serve in this capacity which includes authorizing any settlement on behalf of the police department.

13. It is anticipated that the board members will be re-nominated in approximately two weeks.

14. However, without any settlement authority, Defendants informed Plaintiffs that the mediation scheduled for September 11, 2025, must be moved and rescheduled to a later date.

15. Counsel has conferred with their clients, and all counsel, parties, and the mediator are available for mediation on December 5, 2025.

16. The parties all continue to believe that mediation is worthwhile in this case and desire to move forward with mediation. The parties would like to reschedule with the same mediator that they have already agreed upon.

17. Because of the request to extend the date for mediation, the parties also jointly request that this Court amend the discovery deadline and trial date in this case.

18. Because the parties believe that this case is proper for mediation, it is their request that they be given additional time to complete discovery only if mediation is not successful and request that they do not expend additional time and resources on discovery before mediation can be completed.

19. The parties propose a new deadline for additional discovery of **March 27, 2026**.

20. The parties propose a new trial setting on or after **July 13, 2026**, but note that one of the plaintiffs is unavailable between July 28th and August 14th.

21. This request is not made for the purpose of delay and will not prejudice any party.

*Wherefore*, the Parties jointly and respectfully request that the Court modify its Order

4

Re-Referring Case to Alternative Dispute Resolution as described herein to allow for mediation to be completed on or before December 5, 2025, as well as modify the discovery and trial schedule in this case to reflect a discovery deadline of March 27, 2026, and a trial date on or after July 13, 2026 (excluding July28-August 14), and grant such other and further relief as is proper under the circumstances.

Respectfully submitted,

*/s/ Gillian R. Wilcox*
Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

**Attorney for Plaintiffs**

ANDREW BAILEY
ATTORNEY GENERAL

*/s/ Stephen Nugent (with consent)*
Stephen Nugent, #76720MO
Assistant Attorney General
221 W. High St.
Jefferson City, MO 65101
(573) 751-7192
Stephen.Nugent@ago.mo.gov

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically and served by operation of the CM/ECF system on all counsel of record on September 5, 2025.

/s/ Gillian R. Wilcox